CC-98-106                                                        1

En el Tribunal Supremo de Puerto Rico

| La Suceción de Don Juan Faría y otros<br>        Peticionarios<br><br>        V.<br><br>Pan American Grain Mnfg., Inc.<br>        Recurridos | Certiorari<br><br>98TSPR149 |
|---|---|

Número del Caso: CC-98-0106

Abogado de la Parte Peticionaria: Lcdo. Raúl Caballero Meléndez

Abogado de la Parte Recurrida: Lcdo. Juan H. Saavedra Castro

Tribunal de Instancia: Superior de Aibonito

Juez del Tribunal de Primera Instancia: Hon. Orlando Velázquez Iglesias

Tribunal de Circuito de Apelaciones: Circuito Regional V

Juez Ponente:  Hon. Juez Soler Aquino

Fecha: 11/10/1998

Materia: Sentencia Declaratoria

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


La Sucesión de Don Juan
Faría y otros

    Demandantes-Recurrentes

        v.                             CC-98-106        Certiorari

Pan American Grain MNFG, Inc.

    Demandados-Recurridos


PER CURIAM


San Juan, Puerto Rico, a 10 de noviembre de 1998.

I

La Sucesión de Don Juan Faría Acosta y la Sucesión de Don Juan Faría Lugo, compuestas por sus respectivos miembros, (los "demandantes-recurrentes") presentaron demanda sobre sentencia declaratoria contra Pan American Grain Manufacturing Co. (la "demandada-recurrida") el 8 de agosto de 1994, la cual fue enmendada posteriormente, en relación con varias propiedades inmuebles sitas en el Barrio Llanos del Municipio de Coamo, conocidas conjuntamente como la "Hacienda Faría."

Se alegó en la demanda enmendada que el 30 de agosto de 1993 se otorgaron ante el notario, Lcdo. Pedro J. Díaz García, varias escrituras, incluyendo una de segregación y compraventa de varias fincas por la suma global de $803,325.24, la cual fue retenida por la demandada-recurrida para pagar en su día todos los gravámenes que pesaban sobre dichas fincas. Se alegó, además, que mediante escritura pública titulada "Contrato de Opción", otorgada el mismo día ante dicho notario, los demandantes-recurrentes obtuvieron "[u]na opción para comprar para atrás las fincas que había [sic] vendido por $803,325.24, por un precio de $1,200,000.00, que unido a los $140,000.00 del canon de arrendamiento y sus intereses [...] hacen la suma total de $1,340,000.00 que tendrían que pagar para recuperar la finca."[1] Los demandantes-recurrentes formularon otras alegaciones y solicitaron que se decretara que la transacción entre las partes constituyó un préstamo con garantía hipotecaria a tenor con el Art. 1410 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 3915; que la partida de intereses exigida son usurarios; que se inscriba la transacción en el Registro de la Propiedad no como compraventa sino como hipoteca garantizada por las propiedades descritas; que se ordene la devolución del pagaré y se autorice a los demandantes-recurrentes a descontar la suma de $195,325.54 que la demandada-recurrida alegadamente nunca pagó a los acreedores, a pesar de haber retenido el dinero para hacer los pagos.

La demandada-recurrida contestó la demanda enmendada y reconvencionó. Alegó que adquirió las fincas en cuestión por escritura de Segregación y Compraventa otorgada entre las partes; negó que la referida escritura contenga o comprenda un pacto de retroventa; aceptó que se pactó un contrato de opción; aceptó que se acordó un contrato de arrendamiento y alegó que el canon de arrendamiento se fijó tomando en consideración los usos de la propiedad; admitió la existencia del pagaré por $120,000.00 y

---

[1] Se alegó en la demanda enmendada que en la misma fecha se otorgó un contrato de arrendamiento de las propiedades objeto de la compraventa, mediante el cual la demandada-recurrida le arrendó a los demandantes-recurrentes las mismas por el término de dos años, por un canon de $120,000.00 pagaderos por adelantado, mediante un pagaré al portador por la suma de $120,000.00 con interés al 7 1/8%.

alegó que ello fue necesario para evidenciar la deuda de los dos años del arrendamiento pues los demandantes-recurrentes no deseaban pagar la renta mensualmente por su propósito de proseguir con ciertos desarrollos de unas tierras que se segregaron.  Levantó varias defensas afirmativas y presentó una reconvención reclamando gastos y daños incurridos como consecuencia de la culpa o negligencia e incumplimiento de los convenios contraídos por los demandantes-recurrentes.

Luego de ciertos trámites procesales, el Tribunal de Primera Instancia, Sala Superior de Aibonito, señaló una conferencia sobre el estado del caso, la cual se efectuó el 15 de marzo de 1996.  La minuta correspondiente, en lo pertinente, expresa que "[e]l Tribunal se dispone señalar una Vista Transaccional y dar la oportunidad a la parte demandada para que recopile todos los datos que ha informado la parte demandante y se los lleve a su cliente."

Señala la minuta, además, en relación a una oferta de transacción que no se especifica:

> "De la parte demandada rechazar la oferta, la parte demandante consignará, en el término de dos meses, la suma correspondiente a la opción de compra de 1.2 millones [sic] y se continuará litigando."[2]

Se señaló la Vista Transaccional para el 22 de abril de 1996.

Mediante moción de 13 de mayo de 1996,[3] suscrita por el entonces abogado de los demandantes-recurrentes, Lcdo. Pablo José Quiñones,[4] éste señaló que la minuta anterior no fue notificada a las partes por la secretaría del Tribunal y que de haber recibido la misma se hubiera percatado de la confusión que tenía en cuanto a la fecha del señalamiento de abril y no hubiese estado ausente de la vista de 22 de abril de 1996. Expresó que el 7 de mayo de 1996 acudió al Tribunal para conseguir copia de la minuta y se percató que el Tribunal tuvo a bien dejar establecido

---

[2] Apéndice, Exhibit IV, pág. 117.

[3] Apéndice, Exhibit XVIII, págs. 126-27.

[4] El Lcdo. Quiñones fue posteriormente descalificado como abogado en el caso por el Tribunal de instancia, mediante Resolución de 1 de agosto de

desde entonces el término por el que se extendería la "opción de compra," fijando dicho término en dos meses; indicó que los demandantes-recurrentes tendrían que obtener los dineros de terceras personas lo cual requeriría un trámite largo de investigación de crédito, estados financieros y tasaciones, por lo que solicitó que el término para depositar la suma de $1,200,000.00 comenzase a contar a partir del 7 de mayo de 1996 en lugar del 22 de abril de 1996; apercibió a la demandada-recurrida que tendría que "[e]star preparada para comparecer a la firma de las escrituras de traspaso, si dentro de dicho término de dos meses, la Parte Demandada [sic] opta por ejercer la "opción" y consignar dichos fondos en este Tribunal."

Nada se dispuso por el Tribunal de instancia sobre dicha moción.

Así las cosas, mediante Orden de 11 de febrero de 1997, notificada el 19 de febrero de 1997, el Tribunal de instancia dispuso en la parte pertinente:

> "Surge del expediente (Véase minuta del 15 de marzo de 1996) que se ordenó a la parte demandante, consignar la cantidad de $1,200.00 [sic] por concepto de fianza para seguir litigando este pleito, orden que no ha cumplido la parte demandante."
>
> "[...]Se le conceden quince (15) días a la parte demandante para que cumpla con la orden dada y consigne la fianza antes señalada."[5]

Dicha Orden fue enmendada "nunc pro tunc" el 3 de marzo de 1997 para corregir el error en la cantidad de la fianza de $1,200.00 a $1,200,000.00, notificándose la misma el 6 de marzo de 1997.[6]

El 5 de marzo de 1997, dentro del término de quince días dispuestos por la Regla 47 de Procedimiento Civil,[7] los demandantes-recurrentes presentaron una moción de

---

1997 por haber subarrendado de los demandantes-recurrentes el terreno objeto de este pleito. Véase Apéndice, pág. 44 (c).

[5] Apéndice, Exhibit XIII, pág. 114.

[6] Apéndice, Exhibit XIV, pág. 115.

[7] 32 L.P.R.A. Ap. III, R. 47.

reconsideración de la referida Orden de 11 de febrero de 1997.[8] En dicha moción, los demandantes-recurrentes cuestionaron la exigencia de la fianza como condición para tener acceso al Tribunal y para tener su día en corte. Plantearon que la fianza se requiere para conceder algunos remedios provisionales, no como requisito para entrar a ver los casos en los méritos. Alegaron que aunque el Art. 1407 del Código Civil[9] exige que para que pueda darse curso a las demandas de retracto se requiere que se consigne el precio si es conocido, o si no lo fuere, que se dé fianza de consignarlo luego que lo sea, dicho artículo no aplica al caso de autos por no tratarse de una demanda de retracto. Los demandantes-recurrentes plantearon en su moción de reconsideración que la demanda, según enmendada, es una de sentencia declaratoria, en la que se alega que la transacción habida entre las partes fue un préstamo con garantía de hipoteca y no una compraventa.

Seis días después de presentada la moción de reconsideración, el Tribunal de instancia dictó una orden, notificada el 14 de marzo de 1997, en la que dispuso:

> "Exprese la parte demandada, en los próximos 10 días, su posición respecto a la moción de reconsideración.[10]

La demandada-recurrida presentó memorando de derecho en oposición a la solicitud de reconsideración y solicitando desestimación el 14 de marzo de 1997.[11] En dicho escrito, además de discutir la cuestión de la procedencia de la descalificación del abogado de los demandantes-recurrentes, sostuvo que procedía que se desestimara el pleito "[e]n vista de que la parte demandante no ha prestado la fianza que exige el Artículo 1407 de nuestro Código Civil." Pidió que se denegara la solicitud de reconsideración y se ordenara la desestimación de la demanda.

---

[8] Apéndice, Exhibit XIX, págs. 128-135.

[9] 31 L.P.R.A. sec. 3912.

[10] Apéndice, Exhibit XX, pág. 136.

[11] Apéndice, págs. 85-86.

El 29 de abril de 1997, pendiente aún de resolverse la moción de reconsideración, la demandada-recurrida presentó en instancia una "Moción al Amparo de la Regla 56.7 de las de Procedimiento Civil" solicitando que se ordenase la eliminación de la anotación de pleito pendiente que la parte demandante-recurrente radicó ante el Registrador de la Propiedad, entre otras razones, por no haberse prestado la fianza requerida. En dicha moción, la demandada-recurrida señaló, entre otras cosas:

> "La parte demandante no ha suplido dicha fianza. Sin embargo, ella sí ha radicado una moción de reconsideración de la mencionada Orden, a la cual la parte compareciente se ha opuesto. Dicha moción de reconsideración está sub judice."[12]

Mediante Resolución de 1 de agosto de 1997, notificada el 11 de agosto de 1997, el Tribunal de instancia atendió la moción de reconsideración y resolvió que "[e]n cuanto a la imposición de $1,200,000.00 en concepto de fianza, se sostiene la misma" y dispuso que "[l]a parte demandante deberá depositar, en la Secretaría de este Tribunal, en el término de veinte (20) días, contados a partir de la notificación de esta Resolución, la fianza impuesta."[13]

El Tribunal, además, ordenó la descalificación del Lcdo. Quiñones y le concedió a los demandantes-recurrentes un término de veinte (20) días para informar su nueva representación legal.

El 9 de septiembre de 1997, los demandantes-recurrentes presentaron recurso de certiorari ante el Tribunal de Circuito de Apelaciones.[14]

---

[12] Apéndice, pág. 14, párrafo 2.

[13] Apéndice, págs. 44 (c) (d) y (e).

[14] Los tres errores señalados en el recurso de certiorari ante el Tribunal de Circuito de Apelaciones, en síntesis, cuestionan la imposición de la fianza de $1,200,000.00 cuando se alega en la demanda que la transacción entre las partes es un préstamo con garantía hipotecaria a la luz del Art. 1410 del Código Civil; que se confundió el requisito de fianza con la oferta de consignación del precio de una opción de compra y que el Tribunal de instancia se negó a escuchar prueba y/o no adjudicó una moción de sentencia sumaria de los demandantes-recurrrentes.

La demandada-recurrida presentó ante el Tribunal de Circuito de Apelaciones una moción de desestimación de la petición de certiorari, alegando falta de jurisdicción.[15] Sostuvo que la orden original requiriendo la prestación de fianza fue la emitida el 15 de marzo de 1996 y que los demandantes-recurrentes no solicitaron la revisión de la misma.

El Tribunal de Circuito de Apelaciones, mediante Resolución de 21 de noviembre de 1997, notificada el 2 de diciembre de 1997, desestimó el recurso de certiorari por no haberse presentado dentro del término requerido por ley.[16]

Presentada una moción de reconsideración por los demandantes-recurrentes el 12 de diciembre de 1998 ante el foro apelativo, a la cual se opuso la demandada-recurrida, éste la denegó mediante resolución de 28 de enero de 1998, notificada el 11 de febrero de 1998.[17]

Inconformes con el dictamen, los demandantes-recurrentes acuden a este Tribunal mediante recurso de certiorari presentado el 27 de febrero de 1998.  Señalan lo siguiente:

> "Erró el Honorable Tribunal de Circuito de Apelaciones al desestimar el recurso de Certiorari, al haber concluido que se recurrió tardíamente de la orden sobre la prestación de una fianza de $1,200,000.00 como requisito para conti-nuarse con el trámite de la demanda".

Mediante Resolución de 12 de mayo de 1998 denegamos expedir el recurso.  No obstante, en reconsideración, mediante Resolución de 19 de junio de 1998, dejamos sin efecto la resolución anterior y ordenamos a la demandada-recurrida mostrar causa por la cual no debíamos revocar la Resolución del Tribunal de Circuito de Apelaciones que desestimó el recurso.

Habiendo comparecido dicha parte mediante escrito presentado el 14 de julio de 1998, estamos en posición de resolver.

II

---

[15] Apéndice, Exhibit V, págs. 45-47.

[16] Apéndice, Exhibit I, págs. 1-6.

El Art. 4.002 (f) de la Ley de la Judicatura de Puerto Rico de 1994, según enmendado por la Sec. 3 de la Ley Núm. 248 de 25 de diciembre de 1995, que entró en vigor el 1 de mayo de 1996, 4 L.P.R.A. sec. 22 K(f) (Supl. 1997), dispone que el Tribunal de Circuito de Apelaciones podrá revisar, mediante auto de certiorari a ser expedido a su discreción, cualquier otra resolución u orden[18] dictada por el Tribunal de Primera Instancia.

Asimismo, la Regla 53.1 (e) (1), según enmendada por la Ley Núm. 249 de 25 de diciembre de 1995,[19] dispone que "[e]l recurso de certiorari para revisar cualquier resolución u orden del Tribunal de Primera Instancia se formalizará presentando una solicitud dentro de los treinta (30) días siguientes a la fecha de notificación de la resolución u orden recurrida." Según dispone la propia regla, el término es de cumplimiento estricto, prorrogable sólo cuando mediaren circunstancias especiales debidamente sustentadas en la solicitud de certiorari.

El caso de autos trata de una resolución u orden del Tribunal de instancia a la cual aplica el Art. 4.000(f) de la Ley de la Judicatura de Puerto Rico, supra, y la Regla 53.1 (e) (1) de Procedimiento Civil, por ser un dictamen requiriendo que se depositara una fianza de $1,200,000.00 como condición para seguir adelante con el pleito.

La cuestión a dirimirse es si los demandantes-recurrentes acudieron a tiempo con su recurso de certiorari ante el foro apelativo.

La Regla 53.1 de Procedimiento Civil, supra, establece en su inciso (i) que "[e]l transcurso del término para presentar ante el Tribunal de Circuito de Apelaciones una solicitud de certiorari se interrumpirá y comenzará a contarse de nuevo de conformidad con lo dispuesto en la Regla 47."

---

[17] Apéndice, Exhibit III, págs. 17-18.

[18] Se excluyen de este inciso resoluciones u órdenes bajo el procedimiento especial dispuesto por el Art. 18.006 de la Ley de Municipios Autónomos de 1991; las resoluciones, determinaciones u órdenes de la Comisión Estatal de Elecciones; y las resoluciones finales en procedimiento de jurisdicción voluntaria. Estas se rigen por otros incisos del Art. 4.002.

La Regla 47 de Procedimiento Civil, supra, dispone en la parte pertinente:

> "La parte adversamente afectada por una resolución, orden o sentencia del Tribunal de Primera Instancia podrá, dentro del término de quince (15) días desde la fecha de la notificación de la resolución u orden o desde la fecha del archivo en los autos de una copia de la notificación de la sentencia, presentar una moción de reconsideración de la resolución, orden o sentencia. El tribunal, dentro de los diez (10) días de haberse presentado dicha moción, deberá considerarla. Si la rechazaré de plano, el término para apelar o presentar un recursos de certiorari se considerará como que nunca fue interrumpido. Si se tomare alguna determinación en su consideración, el término para apelar o presentar un recurso de certiorari empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución del tribunal resolviendo definitivamente la moción. Si el tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (10) días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano."

Según surge del trámite procesal antes reseñado, la minuta de la orden del Tribunal de instancia de 15 de marzo de 1996, cuando por primera vez se ordenó que los demandantes-recurrentes, de rechazar la demandada-recurrida la oferta de transacción, consignaran la suma de $1,200,000.00, nunca fue notificada a las partes. Por consiguiente, como correctamente expresa el Tribunal de Circuito de Apelaciones,[20] el término para solicitar reconsideración o recurrir de dicha orden nunca comenzó a decursar.

No fue sino hasta el 11 de febrero de 1997 que el Tribunal de instancia emitió una orden, notificada a las partes el 19 de febrero de 1997, concediéndole quince (15) días a los demandantes-recurrentes para que cumplieran con la orden dada[21] y consignaran la fianza señalada.

Catorce (14) días después, el 5 de marzo de 1997, dentro del término de quince (15) días dispuestos por la Regla 47, supra, los demandantes-recurrentes presentaron su moción de reconsideración cuestionando la imposición de la fianza. Seis (6) días después de presentada la moción de reconsideración, el 11 de marzo de 1997, antes de vencer el término de

---

[19] 32 L.P.R.A. Ap. III, R. 53.1 (Supl. 1997).
[20] Resolución del Tribunal de Circuito de Apelaciones de 21 de noviembre de 1997, Apéndice, pág. 4.

diez (10) días de presentada, el Tribunal de instancia dictó una orden notificada el 14 de marzo de 1997, requiriendo a la demandada-recurrida que expresara su posición respecto a la moción de reconsideración en el término de diez (10) días, lo cual hizo el mismo 14 de marzo de 1997.

Evidentemente, a tenor con la Regla 47, supra, el término para recurrir ante el Tribunal de Circuito de Apelaciones quedó interrumpido por la presentación oportuna de la moción de reconsideración, conjuntamente con la acción del Tribunal de instancia, dentro del término de diez (10) días, de ordenarle a la otra parte que se expresara sobre la moción.  Es aplicable la disposición de la Regla 47 a los efectos de que si respecto a la moción de reconsideración "[s]e tomare alguna determinación en su consideración, el término para apelar o presentar un recurso de certiorari empezará  a contarse desde la fecha en que se archiva en los

autos una copia de la notificación de la resolución del tribunal resolviendo definitivamente la moción" (énfasis suplido).

No fue hasta el 1 de agosto de 1997, mediante Resolución al efecto, notificada a las partes el 11 de agosto de 1997, que el Tribunal de instancia resolvió definitivamente la moción de reconsideración, sosteniendo la imposición de la fianza de $1,200,000.00 y ordenándole a los demandantes-recurrentes que depositaran la misma en el término de veinte (20) días de la notificación de dicha resolución.

El 9 de septiembre de 1997, los demandantes-recurrentes presentaron el recurso de certiorari ante el Tribunal de Circuito de Apelaciones, dentro del término de treinta (30) días establecido por el Art. 4.000 (f) de la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, supra y la Regla 53.1 de Procedimiento Civil.

El Tribunal de Circuito de Apelaciones erró al desestimar el recurso por haberse presentado fuera del término establecido por ley.

---

21 Se refiere a lo ordenado en la minuta de 15 de marzo de 1996 que no se notificó.

No es correcta la conclusión del foro apelativo de que la resolución de 1 de agosto de 1997, notificada el 11 de agosto, tuvo el exclusivo propósito de resolver la controversia sobre descalificación de la representación legal de los demandantes-recurrentes. Dicha Resolución dispone, entre otras cosas, que "[e]n cuanto a la imposición de $1,200,000.00 en concepto de fianza, se sostiene la misma." Dispone, además, que "[l]a parte demandante deberá depositar, en la Secretaría de este Tribunal, en el término de veinte (20) días, contados a partir de la notificación de esta Resolución, la fianza impuesta." Más aún, el Tribunal de instancia hace constar que emite estos pronunciamientos en vista de la solicitud de reconsideración así como la oposición a la misma.[22]

Tampoco es correcta la conclusión del Tribunal apelativo de que los demandantes-recurrentes no solicitaron reconsideración de la orden de 11 de febrero de 1997, notificada el 6 de marzo de 1997, concediendo quince (15) días para consignar la fianza, dentro del término de treinta (30) días que establece la Regla 32 (D) del Reglamento del Tribunal de Circuito de Apelaciones.

La Regla 32 (D) no aplica a las mociones de reconsideración, sino a la presentación de recursos de certiorari. Además, el foro apelativo pasó por alto equivocadamente que la orden del Tribunal de instancia de 11 de febrero de 1997 fue notificada originalmente el 19 de febrero de 1997, que los demandantes-recurrentes solicitaron su reconsideración oportunamente el 5 de marzo de 1997 y que esa orden fue enmendada "nunc pro tunc" y notificada nuevamente el 6 de marzo de 1997, para corregir el error en la cifra de la fianza de $1,200.00 a $1,200,000.00; no era necesario que los demandantes-recurrentes recurrieran de ella al foro apelativo en treinta (30) días, cuando tenían

pendiente ante el Tribunal de instancia la moción de reconsideración que el Tribunal de instancia acogió mediante orden de 14 de marzo de 1997.

---

[22] Resolución de 1 de agosto de 1997, Apéndice, pág. 44 (c).

Por los fundamentos expresados se dictará sentencia revocando la Resolución de 21 de noviembre de 1997, notificada el 2 de diciembre de 1997, del Tribunal de Circuito de Apelaciones, mediante la cual desestimó el recurso de certiorari en el caso de autos y devolviendo el caso a dicho foro apelativo para que atienda el recurso según corresponda de acuerdo con la ley.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

La Sucesión de Don Juan
Faría y otros

    Demandantes-Recurrentes

       v.                        CC-98-106        Certiorari

Pan American Grain MNFG, Inc.

    Demandados-Recurridos

SENTENCIA

San Juan, Puerto Rico, a 10 de noviembre de 1998.

Por los fundamentos expuestos en la Opinión Per Curiam que se hace formar parte integrante de ésta, se dicta sentencia revocando la Resolución de 21 de noviembre de 1997, notificada el 2 de diciembre de 1997, del Tribunal de Circuito de Apelaciones, mediante la cual se desestimó el recurso de certiorari en el caso de autos y se devuelve el caso a dicho foro apelativo para que atienda el recurso según corresponda de acuerdo con la ley.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Negrón García concurre en el resultado. Además, entiende que la presente ponencia no amerita ser publicada como opinión Per Curiam. El Juez Asociado señor Hernández Denton no interviene.

                            Isabel Llompart Zeno
                        Secretaria del Tribunal Supremo